937 F.2d 603
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles M. BYERS, Defendant-Appellant.
 No. 90-5305.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided July 16, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-89-237-A)
 Michael Hugh Doherty, Barham & Radigan, P.C., Arlington, Va., for appellant.
 Donald Weber, Special Assistant United States Attorney, Alexandria, Va. (Argued), for appellee; Henry E. Hudson, United States Attorney, John Joseph Klein, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and W. EARL BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Charles M. Byers was convicted of one count of conspiracy to defraud the United States by committing bribery, participating in conflicts of interest, and making false claims in violation of 18 U.S.C. Sec. 371 and one count of aiding and abetting a conflict of interest in violation of 18 U.S.C. Sec. 208(a) and 18 U.S.C. Sec. 2. He was sentenced to 21 months imprisonment on each count, to run concurrently, and ordered to pay $50,000 in restitution.
 
 
 2
 The convictions were based on Byers' participation in a conspiracy to overcharge the United States on a munitions contract and use the overcharged amounts to fund kickbacks to himself and others in the conspiracy. On appeal, Byers contends that (1) the evidence was insufficient to establish that he knowingly participated in the illegal conduct, and (2) the court unduly restricted his ability to cross-examine John Mason, a co-conspirator, for impeachment purposes on his past government role in using "covers" in connection with transactions unrelated to the one involved in the prosecution. Finding no reversible error, we affirm.
 
 
 3
 On the challenge to the sufficiency of the evidence, we have carefully reviewed the record and are satisfied that, when considering the evidence in the light most favorable to the government, a rational trier of facts could have found the defendant guilty beyond a reasonable doubt. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 4
 The issue of whether the court abused its discretion in restricting the cross-examination of John Mason is also without merit. Byers claims that the district court improperly limited the scope of his cross examination of John Mason concerning Mason's use of fictitious identities during his assignment with Seal Team Six (ST-6) of the United States Navy. Byers contends that the limitation precluded him from fully attacking Mason's credibility by demonstrating to the jury that Mason was an experienced liar who could easily conceal the truth.
 
 
 5
 Because cross-examination of Mason's use of covers could lead to disclosure of classified information, the district court conducted a preliminary hearing in accordance with the Classified Information Procedures Act (CIPA), 18 U.S.C.App. IV Sec. 6. During the course of that hearing, Byers argued that it was essential to his defense that he be permitted to disclose the extensive use of covers by ST-6 and by Mason in his connection with ST-6. While the government initially took the position that Byers not be permitted to reveal that ST-6 used covers for carrying out its training and operations, it later agreed to allow defendants to establish that ST-6 is a special operations unit which frequently conducts classified operations using covers. This proposal by the government was accepted by counsel for Byers, as the CIPA hearing reveals (CIPA hearing transcript, at 60):
 
 
 6
 The Court: All right. Why wouldn't it be adequate, Mr. Doherty, to permit the jury to hear that in previous assignments in the Navy he has been involved in classified operations with the use of cover without identifying them? Why wouldn't that serve the defendant's purposes?
 
 
 7
 Mr. Doherty: That would be sufficient, Your Honor.
 
 
 8
 On appeal Byers now objects, contending that he should have been permitted to disclose in more detail what ST-6 was, the frequency of its use of covers, and the specific covers that were actually used. Our review of the record reveals that the court did not abuse its discretion. Byers was permitted fully to pursue cross examination that John Mason used covers and to make the argument that his life was "the life of a lie." In fact, extensive cross examination was devoted to lies and false claims that Mason made to the government and for which he was convicted. It would have added nothing to the case to have permitted counsel to go into specifics about each undercover operation. None of the operations were relevant and the only ground alleged for going into covers at all was for impeachment purposes. We conclude that the court did not abuse its discretion in drawing a line, where it did, between protecting classified information and permitting the defendant to confront his witnesses. See United States v. Orr, 825 F.2d 1537, 1540 (11th Cir.1987) (trial judge may limit further impeachment testimony when cumulative and when defendant had substantial opportunity to expose potential bias of witness); United States v. Smith, 780 F.2d 1102, 1107 (4th Cir.1985) (trial court must balance public interest in protecting classified information and defendant's right to present his defense).
 
 
 9
 For the foregoing reasons, we affirm the conviction of Byers.
 
 
 10
 AFFIRMED.